UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

THOMAS ADAMS
A/K/A ADAMS FAMILY MEDICAL CENTER,           CASE NO. 11-12700-NPO

DEBTOR.                                       CHAPTER 7


MEMORANDUM OPINION AND ORDER GRANTING MOTION
TO DISPENSE WITH THE APPOINTMENT OF AN OMBUDSMAN

On July 21, 2011, there came on for hearing (the "Hearing") the Motion to Dispense with the Appointment of an Ombudsman (Dkt. No. 16) (the "Motion") filed by Thomas Adams a/k/a Adams Family Medical Center (the "Debtor"). At the Hearing, Michael W. Boyd appeared on behalf of the Debtor, and Margaret Middleton appeared on behalf of Henry G. Hobbs Jr., the United States Trustee for Region 5 (the "UST"). The Court, having considered the Motion, the Debtor's testimony, and the arguments of counsel, makes the following findings of fact and conclusions of law.[1]

1.  The Debtor initiated this voluntary chapter 7 case by filing a petition for relief (the "Petition") (Dk. No. 1) on June 16, 2011.

2.  The Petition states that the Debtor is a health care business. See 11 U.S.C. § 101(27A).

3.  On June 21, 2011, this Court entered an Order Directing Appointment of Patient Care Ombudsman and Setting Hearing (Dkt. No. 8) in which the Court directed the UST to appoint a disinterested person to serve as a patient care ombudsman ("PCO") under 11 U.S.C. § 333 unless a

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

Page 1 of 3

motion to dispense with the appointment of a PCO was filed in accordance with Federal Rules of Bankruptcy Procedure 1021(b) and 2007.2(a).

4.      On July 12, 2011, the Debtor filed the Motion.

5.      At the Hearing on the Motion, the UST took the position that the specific circumstances of this case did not warrant the appointment of a PCO for the protection of the Debtor's patients.

6.      The Court considers a number of factors in determining whether a PCO is necessary. As set forth in a well-known bankruptcy treatise, "[f]acts that warrant a decision not to appoint an ombudsman could include that the facility's patient care is of high quality, that the debtor has adequate financial strength to maintain high-quality patient care, that the facility already has an internal ombudsman program in operation or that the situation at the facility is adequately monitored already by federal, state, local or professional association programs so that the ombudsman would be redundant." 3 Collier on Bankruptcy, ¶ 333.02 (16th ed. 2011).

7.      The Debtor testified that he is a licensed physician currently employed by Delta Regional Medical Center ("Delta Regional"), a hospital in Greenville, Mississippi. No private patients are under his care. The medical care he provides patients is monitored by Delta Regional, which itself is subject to numerous state and federal regulations concerning the quality of patient care. The Debtor does not provide any medical supplies to the patient he treats. The Debtor testified that Delta Regional has an established internal patient complaint procedure. Finally, the Debtor testified that his financial difficulties, which arose as a result of tax and alimony issues, have not, and should not, affect patient care.

8.      Application of the above-referenced factors to this case persuades the Court that the

appointment of a PCO is unnecessary to protect the Debtor's patients, to monitor the quality of patient care, or to represent the interests of the Debtor's patients. See 11 U.S.C. § 333(a)(1); Fed. R. Bankr. P. 2007.2(a). The Debtor has established that he provides medical services only in his capacity as an employee of Delta Regional, which obviates the need for the appointment of a PCO.

9. Nevertheless, should the Debtor experience any negative trend which indicates the need for the appointment of a PCO in the future, the Court anticipates the filing of an appropriate motion so that the Court might reconsider such an appointment. See Fed. R. Bankr. P. 2007.2(b) ("[T]he court, on motion of the United States trustee, or a party in interest, may order the appointment at any time during the case if the court finds that the appointment of an ombudsman has become necessary to protect patients.").

IT IS, THEREFORE, ORDERED that the Motion is well taken and that the appointment of a PCO is unnecessary for the protection of patients in the above-styled chapter 7 case.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: July 21, 2011